**ERIE RAILROAD CO v FULTON et**
**OHIO EDISON ELECTRIC SHOP CO v FULTON et**
**OHIO EDISON CO v FULTON et**
**MIDWEST RUBBER RECLAIMING CO v FULTON et**

Ohio Appeals, 9th Dist, Summit Co

Nos 2572, 2573, 2574 & 2575

Decided March 26, 1935

R. H. Nesbitt, Akron, and Foote, Bushnell, Burgess & Chandler, Cleveland, for plaintiff in Case No. 2572.

R. H. Nesbitt, Akron, for plaintiffs in Cases Nos. 2573 & 2574.

Slabaugh, Seiberling, Huber & Guinther, Akron, for plaintiff in Case No. 2575.

John W. Bricker, Attorney General, Columbus, and Rice A. Hershey, Asst. Atty. Gen., Akron, for defendant.

## OPINION

By WASHBURN, J.

In the four appeal cases involving the subject of preferences in the liquidation of the assets of the First-Central Trust Company, which four cases were submitted together, this court, after due consideration, approves the statement of the law applicable to and determinative of the judgments which should be entered in said cases, as formulated and announced in the three paragraphs of the syllabus of the finding made by the trial judge in the Common Pleas Court, Hon. E. D. Fritch, as follows:

"1. A preference created by an insolvent debtor by the payment of an honest debt in cash or current exchange is lawful in Ohio, both under the common law and under §11104 GC, since this section does not apply to payment. (Cross, Trustee v Carstens, 49 Oh St 548; National Bank of Commerce v Gettinger, 68 Oh St 389, at p. 400).

"2. A preference created by an insolvent bank by the payment of an honest debt due to a depositor, in cash or current exchange,

without fraudulent intent or act, in the ordinary course of business, at a time when the bank is in full control of its business and property and when it is still carrying on the business for which it was organized, although its business is less in volume because of extraordinary economic conditions and restrictions which it attempts to impose upon customers, is lawful both under the common and statutory laws of Ohio, and under the trust fund doctrine, as announced by the Supreme Court of Ohio in **Rouse, Trustee v Merchants' National Bank, 46 Oh St 493,** and **Damarin & Co. v Huron Iron Company, 47 Oh St 581.**

"3. A preference so created may not be recovered by the superintendent of banks when he takes possession of the bank for liquidation several months later, either directly or indirectly, by withholding, from dividends to which the depositor is otherwise entitled, an amount equal to the claimed preference payment."

Decrees may be entered in said cases as were entered in the Common Pleas Court.

FUNK, PJ, and STEVENS, J, concur in judgment.